IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROY M. TERRY, JR. AND DURRETTEBRADSHAW PLC, RECEIVER FOR: TERRY L. DOWDELL, DOWDELL, DUTCHER & ASSOCIATES, INC., EMERGED MARKET SECURITIES, DE-LLC, AUTHORIZED AUTO SERVICES, INC., AND VAVASSEUR CORPORATION, *Plaintiffs,* <br><br> v. <br><br> ROBERT FREDERICK JUNE, JR., VRJ, LTD., and VRJ, LLC, *Defendant.* | CASE NO. 3:03cv00021 <br><br> OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' motion for default judgment [docket no. 46]. "Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *See Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

This Court authorized service upon Defendants by publication on January 18, 2007 [docket no. 37]. Plaintiffs have represented that in compliance with the Order of Publication, Plaintiffs caused a legal notice to be published once per week for four successive weeks in the St. Petersburg

(Florida) Times.  The Order of Publication set March 1, 2007 as the deadline for Defendants to file an answer or responsive pleading.  Because Defendants have not properly appeared or otherwise responded to Plaintiffs' complaint, Defendants are in default.  Accordingly, the Clerk of the Court entered default as to the Defendants on May 3, 2007 [docket no. 41] pursuant to Fed. R. Civ. P. 55(a).

Upon default judgment, a plaintiff's factual allegations are accepted as true for all purposes, excluding determination of damages. *See Insurance Services of Beaufort, Inc. v. Aetna Casualty and Surety Co.,* 966 F.2d 847, 853 (4th Cir. 1992) ("under rule 54, a default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested").  Rule 55(b)(2) provides that a court "may conduct" a hearing to conduct an accounting or to assess damages in order to effectuate a default judgment.

In a criminal case arising out of the same facts that gave rise to this civil action, defendant Robert F. June entered a guilty plea to Count One of the indictment, which charged him with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2.  *United States of America v. Robert F. June [Jr.],* No. 3:07-cr-0010 (W.D.Va. 2008). In that case, Mr. June was ordered to pay $1,205,000.00 in restitution to Roy M. Terry, Esq.  Reasoning that the sentencing order represents a judicial determination that Mr. June is liable for at least $1,205,000.00, Plaintiffs have moved that this Court enter a default judgment in that amount against Defendants.  Although defendants VRJ, Ltd. and VRJ, LLC were not parties in the criminal case, Plaintiffs' Complaint, as amended, alleges that those entities were the "*alter egos*" of Mr. June.  [docket no. 43].

It has been clearly established that Defendants have defaulted, and it appears that the extent of damages has been adjudicated and is not otherwise contested. However, in an abundance of caution, Defendants are ORDERED TO APPEAR before this Court on September 20, 2010 at 9:15 a.m. and ORDERED TO SHOW CAUSE why this Court should not enter default judgment against Defendants, jointly and severally, in the amount of $1,205,000.00.

The Clerk shall certify copies of this Order to the Defendants and all counsel of record.

Entered this 9th day of September, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE